| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | BRIAN D. WESLEY<br>Supervising Deputy Attorney General |
| 3 | TJ FOX<br>Deputy Attorney General |
| 4 | State Bar No. 322938<br>  600 W. Broadway, Suite 1800 |
| 5 |   San Diego, CA 92101<br>  Telephone:  (619) 738-9000 |
| 6 |   Fax:  (619) 645-2581<br>  E-mail:  TJ.Fox@doj.ca.gov |
| 7 | *Attorneys for Creditor*<br>*California Franchise Tax Board* |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: GEORGE JAN,**<br><br>Debtor. | CASE NO. 21-00942-CL13<br><br>Chapter 13<br><br>**CALIFORNIA FRANCHISE TAX BOARD'S OPPOSITION TO, AND REQUEST FOR HEARING ON, DEBTOR'S OBJECTION TO FRANCHISE TAX BOARD'S PROOF OF CLAIM**<br><br>Location: Courtroom 318<br>Judge:    Honorable Christopher B. Latham |

   Creditor California Franchise Tax Board (FTB) hereby (1) files this opposition to Debtor George Jan's Objection To Claim And Notice Thereof (the Objection) of FTB's Proof of Claim, Claim No. 9-1 (the FTB Claim), filed on August 17, 2021, and (2) requests a hearing on the Objection. The Opposition is supported by the Declaration of Cristen Lloyd (Lloyd Declaration), filed concurrently herewith, and the record of this Court.

## INTRODUCTION

Debtor's Objection is solely based on an assertion that he has filed the missing tax return for the 2016 tax year and, therefore, the FTB Claim should be amended to properly account for the tax liability as shown on that return.

The FTB hereby opposes the Objection because, contrary to the Debtor's assertion he filed the tax return, FTB records indicate that, as of September 15, 2021, FTB has not received any tax return for the 2016 tax year. Because Debtor has failed to submit sufficient evidence in support of his Objection, the Objection fails to rebut the presumptive validity of the FTB Claim. Accordingly, the FTB requests that the court set a hearing on the Objection, and to overrule the Objection, allowing the FTB's Claim No. 9-1 as filed.

## FACTUAL BACKGROUND

Debtor's 2016 tax liability arises from the FTB's issuance of a Notice of Proposed Assessment, which became final on December 9, 2019 (Lloyd Declaration at ¶ 4). On February 18, 2021, the FTB recorded a Notice of State Tax Lien against Debtor for tax years 2014, 2016 and 2017 in San Diego County, California (Lloyd Declaration at ¶ 5).

Shortly thereafter, Debtor filed his Chapter 13 bankruptcy petition on March 11, 2021 (the Petition Date). On June 11, 2021, the FTB filed its timely proof of claim, Claim 9-1, in the amount of $28,796.79 for unpaid taxes related to the 2014, and 2016-2020 tax years. The total amount of the FTB Claim is $28,796.79, which consists of a $28,796.79 secured claim for the 2014 and 2015-2016 tax years, as well as protective "TBD" claims for tax years 2018-2020. The basis of the FTB Claim for all of the tax years in question, including FTB's protective claims, were for tax years in which FTB had not received state income tax returns from the Debtor, as of the Petition Date.

As of the Petition Date, March 11, 2021, the balance owed by Debtor for the 2016 tax year was $27,864.51. (Lloyd Declaration at ¶ 7.) Debtor now requests that this Court enter an order reducing the FTB Claim to $932.28. This massive reduction to the FTB Claim is due to the Debtor's recalculation of taxes due for tax year 2016. Debtor alleges after initiating his bankruptcy case, he prepared his 2016 tax return that shows no taxes are owed for that tax year.

Attached as an exhibit to the Objection is a redacted CA Form 540 for tax year 2016 dated August 16, 2021 showing zero tax due.

Upon receipt of the Objection, FTB staff reviewed its records and confirmed that as of September 15, 2021, the FTB has not received state tax returns from the Debtor for the 2016 tax year. (Lloyd Declaration at ¶¶ 9-12.) On September 9, 2021, the FTB received a call from Debtor's attorney indicating that he would mail a 2016 tax year return to the FTB for processing (Lloyd Declaration at ¶ 11.) To date, the FTB has not received the 2016 tax year return for processing (Lloyd Declaration at ¶ 12.) As FTB has not received or processed the Debtor's 2016 return, FTB opposes the Objection to the FTB Claim on the basis that the Debtor has failed to provide any evidence to overcome the presumptive validity of the FTB Claim.

Accordingly, Debtor's requested relief that the Court allow the FTB Claim at a significantly reduced amount without providing evidence to the Court that the return was actually received by FTB, as well as his failure to address the protective claims, is insufficient to grant his Objection.

## ARGUMENT

### I. THE OBJECTION MUST BE OVERRULED AND FTB'S CLAIM MUST BE ALLOWED.

As stated by the Ninth Circuit in *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (underlined emphasis added):

> [a] proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). . . .
>
> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." . . .
>
> To defeat the claim, the objector must come forward with sufficient <u>evidence</u> and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."

Given that the subject claims are tax claims, they are entitled to this presumptive validity even if FTB does not attach writings thereto. *Los Angeles International Airport Hotel Associates v. State Board of Equalization v. Los Angeles International Airport Hotel Associates* (*In re Los Angeles International Airport Hotels Associates*), 106 F.3d 1479, 1480 (9th Cir. 1997) ("Because

the [State Board of Equalization's tax] claim is not based upon a writing, its proof of claim is entitled to the presumptive validity attributed to it by Rule 3001(f).").

If an objector presents sufficient evidence to overcome the presumptive validity of a proof of claim, then state law determines who bears the burden of proof. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 26 (2000) ("the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it"). In the case of the FTB Claim, that burden of proof rests with the Debtor. *See Consolidated Accessories Corp. v. Franchise Tax Board*, 161 Cal.App.3d 1036, 1039 (1984). As stated by the United States Supreme Court, placing the burden of proof on the taxpayer:

> reflects . . . the vital interest of the government in acquiring its lifeblood, revenue, . . . the taxpayer's readier access to the relevant information, . . . and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute . . . .

*Raleigh*, 530 U.S. at 21.

Here, the Debtor has failed to present sufficient evidence to support his claim that he has filed state income tax return for the 2016 tax year. The FTB, however, has presented evidence that as of September 15, 2021, it has not received a state income tax return from the Debtor for the 2016 tax year. (Lloyd Declaration at ¶¶ 9-12). Accordingly, to the extent the Debtor provides any evidence that the return was filed, FTB's evidence that it has not received those returns rebuts such evidence. *Creek Master Ass'n v. Edwards,* 130 Cal.App.4th 1470, 1486 (2005) ("Of course, a presumption of receipt is rebutted upon testimony denying receipt."); *Jensen v. Traders & General Ins. Co.*, 141 Cal.App.2d 162, 164 (1956) ("proof that no letter was received warrants a finding that it was never posted"); see also, 26 U.S.C. § 7502; Treas. Reg. § 301.7502-1(c)(1)(iii)(A); *Richard v. United States of America*, 1988 U.S. Dist. LEXIS 16823, 88-1 U.S. Tax Case (CCH) P9245, 61 A.F.T.R.2d (RIA) 1258 (1988) (filing of tax return on postmarked date presumed correct only if return is received by taxing agency or if return is sent by registered mail).

In addition, the Debtor cannot merely claim error in the assessment of the tax and shift the burden to the FTB to prove the correctness of the assessment. "[T]he burden of showing error in

[the FTB's] computation or application is upon the taxpayer." *Todd v. McColgen,* 89 Cal.App.2d 509, 514 (1949).

Thus, the Objection must be overruled. Moreover, the FTB Claim should be allowed as filed. 11 U.S.C. § 502(b) ("if such objection is made, the court . . . shall determine the amount of such claim . . . and shall allow such claim in such amount).[1]

## CONCLUSION

By reason of the foregoing, the FTB respectfully requests that (1) the Court set a hearing on the Objection and (2) the Court overrule the Objection and allow the FTB Claim as filed.

Respectfully Submitted,

Dated: September 16, 2021

ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General

*/s/ TJ Fox*
Deputy Attorney General
*Attorneys for Creditor*
*California Franchise Tax Board*

---

[1] FTB is, of course, willing to review any returns filed by the Debtor and, if appropriate, will amend its claim after such review. However, FTB should be given at least sixty days to review the return. *See* Bankruptcy Code § 505(b)(1) (giving governmental unit sixty days after receipt of a prompt audit request related to an estate return to determine whether return should be selected for examination).

# CERTIFICATE OF SERVICE

Case Name: <u>**In re George Jan**</u>    No. <u>**21-00942-CL13**</u>

I hereby certify that on <u>September 16, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **CALIFORNIA FRANCHISE TAX BOARD'S OPPOSITION TO, AND REQUEST FOR HEARING ON, DEBTOR'S OBJECTION TO FRANCHISE TAX BOARD'S PROOF OF CLAIM**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 16, 2021</u>, at Los Angeles, California.

| | |
|---|---|
| <u>Valerie Thompson</u> | <u>/s/ Valerie Thompson</u> |
| Declarant | Signature |

LA2021603677